FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY
Date: Sep 03, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

MITCHELL STOTLAND,

Plaintiff,

v.

JAMES E. GARMON and LJ DRILLING, LLC,

Defendants.

CIVIL ACTION NO.: 1:26CV-158-JHM

# COMPLAINT FOR DAMAGES, ACCOUNTING, AND EQUITABLE RELIEF

Plaintiff Mitchell Stotland, appearing pro se, alleges as follows against Defendants James E. Garmon and LJ Drilling, LLC:

## I. INTRODUCTION

Plaintiff invested $115,000 with Defendants for a 75% working interest in a turnkey oil well. Defendants pocketed the funds, provided no verifiable accounting, failed to demonstrate any legitimate drilling operations, refused certified legal mail, and ceased meaningful communication. Plaintiff brings this action to recover his funds, compel an accounting, and secure all equitable relief available under state and federal law.

## II. PARTIES

Plaintiff Mitchell Stotland is an individual residing in and a citizen of Michigan.

Defendant James E. Garmon is an individual residing in and a citizen of Cumberland County, Kentucky, who personally solicited and mismanaged Plaintiff's investment.

Defendant LJ Drilling, LLC is a Kentucky limited liability company with its principal place of business in Cumberland County, Kentucky, owned, managed, and controlled by Defendant Garmon.

## III. JURISDICTION AND VENUE

**Subject Matter Jurisdiction:** This Court has original jurisdiction under 28 U.S.C. § 1332(a) because the dispute is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Venue:** Venue is proper in the Western District of Kentucky (Bowling Green Division) under 28 U.S.C. § 1391(b) because the Defendants reside in Cumberland County and a substantial part of the events giving rise to these claims occurred within this Division.

## IV. FACTUAL ALLEGATIONS

On March 23, 2026, Plaintiff wire-transferred $115,000 to Defendants for a 75% interest in a turnkey oil and gas drilling project.

To induce Plaintiff to invest, Defendant Garmon explicitly represented via written communication that: (a) the $115,000 represented the total “turnkey” cost to drill, test, and complete the well; (b) Defendants already owned all necessary equipment (including pumps and tanks); (c) other local operators were charging $250,000 for lesser interests, giving Plaintiff superior value; and (d) Garmon's accountant would provide a “100% tax write-off” for the entire $115,000.

On April 9, 2026, Garmon claimed he was “reclaiming the location” and falsely promised video evidence of oil entering the borehole.

On April 17, 2026—without delivering an accounting or proof of drilling on the initial project—Garmon aggressively solicited an additional $500,000 from Plaintiff for a "6-well turnkey package," claiming the first well had "hit oil in 15 different places."

Plaintiff declined the $500,000 solicitation and formally demanded an itemized accounting and receipts for his original $115,000.

Facing demands for documentation, Garmon's narrative unraveled: on April 21, 2026, Garmon admitted he was still reviewing well logs to decide where to drill—contradicting his earlier claims that drilling was underway and looking good.

Defendants produced only a single, unverified handwritten scratch sheet, which fails as a matter of law to constitute an accounting.

On May 5, 2026, Plaintiff served a formal written legal demand via certified mail. Defendants intentionally refused delivery.

Defendants have converted Plaintiff's funds to their personal or unauthorized use, failed to perform the agreed-upon drilling operations, and actively obstructed accounting efforts.

## V. CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

18. Plaintiff incorporates all preceding paragraphs.

19. Plaintiff fulfilled his contractual obligation by paying $115,000.

20. Defendants breached the turnkey contract by failing to complete the well, failing to apply the funds to the project, and failing to provide an accounting.

21. As a direct result, Plaintiff suffered $115,000 in actual damages.

**COUNT II: FRAUD AND FRAUDULENT MISREPRESENTATION**

22. Plaintiff incorporates all preceding paragraphs.

23. Defendants made false statements of material fact regarding well progress, equipment ownership, and expected tax benefits to induce Plaintiff's investment.

24. Defendants knew these representations were false when made or made them with reckless disregard for the truth.

25. Plaintiff reasonably relied on these misrepresentations to his financial detriment.

**COUNT III: VIOLATION OF KENTUCKY BLUE SKY LAW (KRS 292.320 & KRS 292.480)**

26. Plaintiff incorporates all preceding paragraphs.

27. The turnkey drilling arrangement constitutes an investment contract and security under KRS 292.310.

28. Defendants offered and sold this security by means of untrue statements of material facts and material omissions.

29. Under KRS 292.480, Plaintiff is entitled to full statutory rescission, recovery of $115,000, 8% annual interest, reasonable attorney's fees, and court costs.

**COUNT IV: CONVERSION AND MISAPPROPRIATION**

30. Plaintiff incorporates all preceding paragraphs.

31. Defendants exercised unauthorized, wrongful dominion over Plaintiff's $115,000.

32. Defendants refused Plaintiff's demands for the return or accounting of those funds.

**COUNT V: BREACH OF FIDUCIARY DUTY**

33. Plaintiff incorporates all preceding paragraphs.

34. As the managing operator in sole control of investor funds and operational records, Defendants owed Plaintiff a fiduciary duty of full disclosure and utmost good faith.

35. Defendants breached this duty by self-dealing, withholding records, and refusing to account for funds.

**COUNT VI: EQUITABLE ACCOUNTING**

36. Plaintiff incorporates all preceding paragraphs.

37. Defendants maintain exclusive control over financial and operational records.

38. Plaintiff is entitled to an immediate court-ordered independent audit and full accounting.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mitchell Stotland requests judgment against Defendants, jointly and severally, as follows:

a. Compensatory Damages: An award of not less than $115,000;

b. Statutory Rescission: Full rescission under KRS 292.480, including mandatory attorney's fees, costs, and statutory interest;

c. Equitable Accounting: An order compelling Defendants to produce all bank statements, invoices, and well records associated with Plaintiff's funds;

d. Punitive Damages: Punitive damages according to proof for deliberate fraud and breach of fiduciary duty;

e. Pre-judgment and post-judgment interest at the maximum statutory rate; and

f. Any further relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

______________________________

Mitchell Stotland
Plaintiff, Pro Se
2885 sanford ave sw ste 46566
Grandville MI 49418
6167301838
mstotland17@gmail.com